**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BROTHERHOOD MUTUAL INSURANCE CO., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 10-cv-7072 |
| SALEM BAPTIST CHURCH | : | |
| OF JENKINTOWN, | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM OF LAW

**Joyner, C.J.**                                   **April 26, 2012**

Before the Court are the Motion to Intervene filed on behalf of Walter Logan and the Delta Alliance, LLC (ECF No. 3) and memoranda in response thereto (ECF Nos. 12, 24, 25), the Petition to Intervene filed on behalf of the Estate of Lester Mack (ECF No. 22) and Plaintiff's Brief in Opposition thereto (ECF No. 26). For the reasons set forth in this Memorandum of Law, Walter Logan, Delta Alliance, LLC and the Estate of Lester Mack are JOINED as required parties. See Fed. R. Civ. P. 19(a)(2). The Motion to Intervene (ECF No. 3) and Petition to Intervene (ECF No. 22) are GRANTED in part and DENIED in part.[1]

## I.  BACKGROUND

Plaintiff Brotherhood Mutual Insurance Company

---

[1]Movants Logan and Delta Alliance requested oral argument on their motion. The Court concludes that oral argument is unnecessary based on the adequate submissions by the parties.  See generally Local R. Civ. P. 7.1(f).

("Brotherhood") is an Indiana corporation that issued a general liability insurance policy ("Policy") to Defendant Salem Baptist Church of Jenkintown, Pennsylvania ("Salem"), effective from January 1, 2009 to January 1, 2011.  Movants Walter J. Logan, Jr. ("Logan") and The Delta Alliance, LLC ("Delta") are plaintiffs in a separate action, filed on January 12, 2010, in which Salem and others are accused of malicious prosecution and civil conspiracy to commit malicious prosecution.  Logan v. Salem Baptist Church of Jenkintown, Civ. No. 10-144 (E.D. Pa.) ("Logan Action").  In yet another action, filed on October 10, 2010, Petitioner, the Estate of Lester Mack ("Mack"), sued Salem and others on claims similar to those alleged in the Logan Action.[2]  Mack v. Salem Baptist Church of Jenkintown, Civ. No. 10-5536 (E.D. Pa.) ("Mack Action").  Delta was the contractor hired to do construction work for Salem and a dispute arose over the contract.  Logan is Delta's owner and Mack was a Delta employee.  Logan and Mack were allegedly falsely prosecuted on Salem's behalf in retaliation for the contract dispute.

Salem sought defense and indemnity from Brotherhood in the Logan Action.  Plaintiff filed the instant declaratory judgment action in pursuit of a finding that the Logan Action is outside

---

[2]Mack's other claims are malicious abuse of process and negligence. Logan and Delta also alleged malicious abuse of process and negligence but those claims were dismissed.  See Logan, Civ. No. 10-144, ECF Nos. 40-41. The Mack Action was placed in suspense before the Court could rule on Salem's Motion to Dismiss in that action.

the scope of the Policy and Brotherhood has no duty to defend or indemnify Defendant.[3]  Brotherhood argues, inter alia, that malicious prosecution falls outside the Policy's coverage of bodily injury claims.  Logan and Delta filed a Motion to Intervene on December 14, 2010, intending to argue that Salem's acts are covered by the Policy.  Logan and Delta assert the Policy's definition of "personal injury" includes coverage for malicious prosecution.

The day after the Motion to Intervene was filed, Salem notified the Court that it filed for bankruptcy protection.  As a result, the present case, the Logan Action and the Mack Action were all placed in civil suspense in December 2010.[4]  On November 21, 2011, the Court removed the instant case from civil suspense upon notice that the Bankruptcy Court lifted the stay in the present case only.  On December 7, 2011, Plaintiff filed its response in opposition to Logan and Delta's Motion to Intervene.  The Court issued an Order (ECF No. 19) requesting supplemental briefing on the Motion to Intervene.  Specifically, the Court asked the parties to analyze the applicability of <u>American Automobile Insurance Company v. Murray</u>, 658 F.3d 311 (3d Cir.

---

[3]Brotherhood does not seek a declaratory judgment from the Court regarding coverage of the Mack Action.  However, Mack's claims are based on the same facts alleged by Logan and Delta in the Logan Action.  A judgment in the present case will likely affect Brotherhood's duty to defend and indemnify Salem in the Mack Action.

[4]<u>See</u> 11 U.S.C. § 362.

2011) and whether or not Logan and Delta were required parties under Rule 19 of the Federal Rules of Civil Procedure.  During the period for supplemental briefing, Mack sought to intervene in the present action (ECF No. 22), arguing its absence will prejudice its interests in the Mack Action.

## II.  ANALYSIS

Logan and Delta seek to intervene as of right under Rule 24(a), or alternatively, they argue their joinder is required under Rule 19(a).  Mack seeks to intervene as of right under Rule 24(a) only.[5]  Even in the absence of a request for joinder, the Court must order a person to be made a party where joinder is required.  See Fed. R. Civ. P. 19(a)(2).  For the reasons stated below, Logan, Mack and Delta cannot intervene under Rule 24(a) but their joinder is required pursuant to Rule 19(a).

## A.  Intervention

Logan, Delta and Mack (collectively, "Movants") contend they may intervene as of right.  The Court must permit intervention where a movant:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately

---

[5] Mack's Petition to Intervene requests intervention under Rule 2328 of the Pennsylvania Rules of Civil Procedure but this appears to be a drafting error.  Mack's Memorandum of Law accompanying the Petition requests intervention pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure.  The Court considers Mack's Petition as a request under the federal rules and not the inapplicable state rules.  See Fed. R. Civ. P. 1.

represent that interest.

Fed. R. Civ. P. 24(a)(2).  To establish intervention as of right, four elements must be met: 1) a timely motion to intervene; 2) a sufficient interest in the litigation; 3) "a threat that the interest will be impaired or affected by the disposition of the underlying action," and 4) the existing parties do not "adequately represent the prospective intervenor's interests." Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005) (citing Kleissler v. United States Forest Serv., 157 F.3d 964, 969 (3d Cir. 1998)).

The parties reach contrary conclusions as to whether the Movants have a sufficient interest in the present action.  Logan and Mack contend Federal Kemper Insurance Company v. Rauscher, 807 F.2d 345 (3d Cir. 1986), gives them the right to intervene. In that case, the insurer (Federal Kemper) sued the insured motorist (Rauscher) and the parties injured in an automobile accident allegedly caused by Rauscher.  See id. at 346-47.  The suit was a declaratory judgment action to determine whether or not the insurer was obliged to defend and indemnify Rauscher in a personal injury suit filed by the injured parties against Rauscher.  See id. at 347-48.  Rauscher did not answer the complaint in the declaratory judgment action and a default judgment was entered against him.  See id. at 348.  The district court simultaneously entered a judgment against the injured

5

parties, finding their rights against the insurer were "purely derivative" of Rauscher's rights as a policyholder.  See id. at 348-49.  The Third Circuit reversed, holding that an injured party has standing to defend a declaratory judgment action brought by an insurer.  See id. at 352-53.  The Third Circuit concluded a case or controversy existed between the injured parties and the insurer, even in the insured's absence.  See id. at 353.  In dicta, the court noted that the injured parties were indispensable parties for purposes of Fed. R. Civ. P. 19.  See id. at 354 & n.5.

Plaintiff asserts the holding of Liberty Mutual Insurance Company v. Treesdale, Inc., 419 F.3d 216 (3d Cir. 2005), is controlling.  In Treesdale, Liberty Mutual brought a declaratory judgment action against its insureds, PMP and Treesdale, Inc., to determine whether or not the insurance policy's benefits were exhausted.  See id. at 219.  Prior to the action, the insurer provided complete defenses to the insureds in their costly and numerous asbestos-related personal injury actions.  See id.  "A small subset of the plaintiffs" in those underlying tort actions sought to intervene as of right in the declaratory judgment action.  Id.  The district court denied the motion to intervene and the Third Circuit affirmed, finding that the intervenors had no legally protectable interest in the insurance policy.  See id. at 222.  The court reiterated the principle that "a mere economic

interest in the outcome of litigation is insufficient to support a motion to intervene." Id. at 221-22 (citing Mountain Top Condo. Assoc. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995)). The Third Circuit found that intervention was not permissible under Fed. R. Civ. P. 24(b) and the injured parties were not required parties under Fed. R. Civ. P. 19. See id. at 227, 229-30. Treesdale did not mention Rauscher, much less overrule it.

Treesdale and Rauscher come to disparate conclusions as to an injured party's legal interest in a declaratory judgment suit over a tortfeasor's insurance policy. Some court have followed the reasoning in Treesdale, in part, because it was the "most recent indication of how the Third Circuit would rule if presented with the issue." Nationwide Mut. Ins. Co. v. Garman, Civ. No. 09-1431, 2010 WL 2038575, at *4 (M.D. Pa. May 19, 2010). The Third Circuit recently published another opinion on the issue.

After the parties submitted their legal memoranda on the Motion to Intervene, the Third Circuit decided American Automobile Insurance Company v. Murray, 658 F.3d 311 (3d Cir. 2011). Like Rauscher, Treesdale and the instant case, Murray was a declaratory judgment action regarding the coverage of an insurance policy. The insurer sued the insured and injured parties and the district court entered summary judgment in favor

of the insurer.  Id. at 317.  The Third Circuit concluded the
injured party had standing to appeal the district court judgment
"as a directly injured party of the insured."  Id. at 314.  The
court briefly considered both Treesdale and Rauscher and
concluded that Rauscher applied to the facts before it.  Id. at
318 n.4.  The court described Treesdale as inapt because "it
dealt solely with the standard for intervention under Fed. R.
Civ. P. 24, and altogether failed to address the principle of
standing."  Id.  Although it is now clear that Rauscher has not
been overruled and remains good law, Murray unequivocally affirms
Treesdale as it applies to Rule 24 motions for intervention.
Therefore, the Court is compelled by the precedent set in
Treesdale to deny intervention.

B.  Joinder

     Movants must be joined as required parties to the present
action.  Rule 19 requires the joinder of a person if:

> that person claims an interest relating to the subject of
> the action and is so situated that disposing of the
> action in the person's absence may:
> (I) as a practical matter impair or impede the person's
> ability to protect the interest; or
> (ii) leave an existing party subject to a substantial
> risk of incurring double, multiple, or otherwise
> inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(B).  The Court is obliged to order a
person be made a party if that person is not joined as required.
Fed. R. Civ. P. 19(a)(2).  In a diversity case, such as the
present one, "the question of joinder is one of federal law."

Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (quoting Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 125 n.22 (1968)). "[A] party's indispensability under Rule 19 is not a matter of per se rules; instead it is determined on a case-by-case basis" and must be based on practical considerations. Id. (citing 390 U.S. at 117 n.12). The Court must consider the consequences that denying joinder will have on the absent party. See id. at 945.

Movants' interests lie in the fact recovery in their respective tort suits is contingent on insurance coverage. According to the terms of a settlement agreement approved by the bankruptcy court, Movants "are limited in their recovery against [Salem] to the amount of any/all available insurance proceeds." In re Salem Baptist Church, Case No. 10-30809(MDC), at 3, ECF No. 191 (Bankr. E.D. Pa. Dec. 5, 2011). The present action will decide whether or not any relief is available for Movants in the Logan Action and Mack Action. As the court pointed out in Murray, "in many of the liability insurance cases, the most real dispute is between the injured third party and the insurance company, not between the injured and oftentimes impecunious insured." 658 F.3d at 319 (quoting Rauscher, 807 F.2d at 354). Defendant has no exposure should it be found liable in the underlying tort actions and any recovery for Movants will hinge on the outcome of the present case. Movants have demonstrated an

interest in the subject of the instant action.

Plaintiff contends that Movants' interest is not legally protectable.  However, <u>Murray</u> reaches the opposite conclusion. An injured third party in an insurance coverage dispute suffers "a concrete and particularized invasion of a legally protected interest that is actual or imminent, not conjectural or hypothetical." <u>Murray</u>, 658 F.3d at 317-18 (quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992)).  Murray was an insurance agent who sought indemnification and defense under his professional liability insurance policy.  <u>See id.</u> at 315. Murray was sued by one of his clients, Ennie, for an alleged breach of professional duty.[6]  <u>See id.</u>  The insurer named its policyholder (Murray) and Ennie in a declaratory judgment action to settle Murray's insurance coverage.  <u>See id.</u> at 317.

Movants' interest in the present litigation is akin to Ennie's interest in the <u>Murray</u> declaratory judgment action.  In both cases, the injured parties are seeking monetary relief from

---

[6]Jessica Easter was fatally injured in a car accident caused by an intoxicated motorist.  <u>See Murray</u>, 658 F.3d at 314.  Easter's father sued the liquor store owner, Ennie, Inc., for its alleged liability in the accident. <u>See id.</u>  Ennie allegedly sold the alcohol that ultimately lead to the motorist's intoxication.  <u>See id.</u> at 314-15.  Ennie sought indemnification under its insurance policy and discovered the policy did not include liquor liability coverage.  <u>See id.</u> at 315.  Ennie then sued its insurance agent, Murray, on the theory Murray "breached his duty to advise it properly of the necessity and availability of liquor liability coverage."  <u>Id.</u>  Easter, as an injured party twice removed from the declaratory judgment action, lacked standing in the case because his interest was too speculative.  <u>See id.</u> at 319.  For simplicity's sake and because the analysis as it relates to Easter is irrelevant, the discussion of <u>Murray</u> is limited to the aspects of the declaratory judgment action among Murray's insurer, Murray (the insured) and Ennie (the injured party).

an insurer, contingent on future success in a tort action. Movants are "the directly injured part[ies] and [their] interests in the lawsuit are, therefore, independent of the insured." Id. at 319.  Furthermore, Movants have "a particularized interest in the lawsuit because a determination of [Defendant's] coverage would dictate [their] ability to receive the full benefit" of their respective tort suits.  Id.  Although Murray presented a procedurally different posture--Ennie was, unlike Movants, named a defendant in the declaratory judgment action--this difference does not change the fact Movants have a justiciable case or controversy.  Plaintiff's choice to include or exclude Movants does not diminish Movants' interest in the litigation.[7]

Although Treesdale supports a contrary conclusion, Murray is the most recent indication of how the Third Circuit is likely to rule on the issue.  Moreover, Murray limits Treesdale to Rule 24 interventions.  See id. at 318 n.4 ("[Treesdale] dealt solely with the standard for intervention under Fed. R. Civ. P. 24 . . . .").  Movants have demonstrated an interest in the subject of the present action sufficient to compel their joinder.

---

[7]Murray and Rauscher indicate that the plaintiff's choice to include the injured third party in the action weighs in favor of recognizing their legally protected interest.  See Murray, 658 F.3d at 319 (quoting Rauscher, 807 F.2d at 354).  However, neither opinion suggests a plaintiff's choice to name a defendant is dispositive.  The Court is not persuaded that an injured third party's interest in an insurance coverage action hinges on an insurer-plaintiff's choice to either include or exclude the injured party's name on the complaint.  Furthermore, to find otherwise would invite collusion between the insurer and its insured, particularly in cases where the insured is judgment-proof.

Barring Movants' joinder would impair their ability to protect their interest in the Policy.  Pennsylvania law gives an injured third party a cause of action against an insurance company where the insured is bankrupt.  See 40 P.S. § 117; Kollar v. Miller, 176 F.3d 175, 181 (3d Cir. 1999).  Movants' rights of action under § 117 are contingent on them first obtaining a judgment against Defendant in their respective tort claims.  See Kollar, 176 F.3d at 181 (citing the six elements of a § 117 action).  The Policy comports with § 117 by expressly permitting lawsuits against Plaintiff where the insured's liability has been determined by a final judgment against the insured.  (See Commercial Liability Coverage 12, Compl. Ex. A, ECF No. 1.) Should Movants succeed on their tort claims, the present action may very well have preclusive effects on any future actions by Movants to collect a judgment against Plaintiff.

Collateral estoppel, or issue preclusion, applies where a person is in privity with a party to the prior adjudication.  See Cincinnati Ins. Co. v. Hawkins, Civ. No. 07-535, 2007 WL 2310866, at *2 n.2 (W.D. Pa. Aug. 9, 2007).[8]  If a state or federal court

---

[8]In Pennsylvania, collateral estoppel has four requirements: (1) identity of the issues, (2) a final judgment on the merits in the prior adjudication, (3) the party against whom collateral estoppel is asserted was a party, or was in privity with a party, to the prior adjudication, (4) the party against whom it is asserted had a full and fair opportunity to litigate the issue in the prior action.  Hawkins, 2007 WL 2310866, at *2 n.2 (citing Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 339, 409 n.12 (3d Cir. 1993)).

should find Movants and Defendants are in privity, findings
adverse to Defendants in the present action would likely preclude
Movants' claims against Plaintiff in the future action.  See
Hawkins, 2007 WL 2310866; Nationwide Mut. Ins. Co. v. Bellmore
Merrick Cent. High Sch. Dist., Civ. No. 3:04CV1884, 2005 WL
1385204 (M.D. Pa. June 10, 2005).  Privity requires "such an
identification of interest of one person with another as to
represent the same legal right." Catroppa v. Carlton, 998 A.2d
643, 647 (Pa. Super. Ct. 2010) (internal citation omitted).
Defendant and Movants will ostensibly assert identical defenses
to Plaintiff's claim: that the Policy's coverage extends to the
Logan Action and Mack Action.  At this time, the Court does not--
and should not--decide whether privity exists in a future suit.
See Hawkins, 2007 WL 2310866, at *2 (citing Schulman v. J.P.
Morgan Inv. Mgmt., Inc., 35 F.3d 799, 805 (3d Cir. 1994)).  It is
sufficient that nonjoinder may "as a practical matter" impede
Movants' interests.

     Alternatively, nonjoinder may result in Plaintiffs being
subject to inconsistent obligations.  See Fed. R. Civ. P.
19(a)(1)(B)(ii).  If collateral estoppel does not attach in
subsequent litigation, another federal court or a state court may
come to a conclusion contrary to the Court's conclusion in the
instant case.  The Federal Declaratory Judgment Act, 28 U.S.C. §
2201, enables the Court to "declare the legal rights and other

13

legal relations" of Plaintiff but any such declaration would be incomplete without Movants' joinder in this case.  In fact, this Court may face the issue twice: once in the present action and once again should Movants' succeed on their tort claims and seek to recover from Plaintiff in federal court.[9]  "[T]he most relevant inquiry in the Rule 19 analysis is whether full relief can be accorded [Plaintiff] without joining [Movants], the injured part[ies]."  Rauscher, 807 F.2d at 354 n.5.  It cannot and Movants must be joined.

Movants' joinder does not deprive the Court of subject-matter jurisdiction.  Complete diversity of citizenship is maintained because Plaintiff is an Indiana corporation and Defendants and Movants are all Pennsylvania residents.  Movants' interests in the present action makes them required parties pursuant to Fed. R. Civ. P. 19(a)(2).

## III.  CONCLUSION

For the reasons so stated, Movants are joined as interested parties.

---

[9]Plaintiff could not have filed a declaratory judgment action in a Pennsylvania court without joining Movants as defendants.  Under state law, injured third parties are required parties to a declaratory judgment action. See 42 Pa. C. S. § 7540; Vale Chem. Co. v. Hartford Accident & Indem. Co., 516 A.2d 684, 686 (Pa. 1986).  Therefore, the possibility that the issue may be litigated twice and subject to disparate judgments is a result that only arises if Movants are denied joinder in the present case.